IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**EMMA MAYO,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No.: 3:21-cv-00471**

**CITY OF HUNTINGTON, et al.,**

      **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending is the Motion of Defendants to Compel, (ECF No. 23). Plaintiff has filed a response in opposition to the Motion, (ECF No. 24), and Defendants have filed a reply memorandum, (ECF No. 27). Accordingly, the issue is fully briefed. Having considered the Motion, the Court **GRANTS** same as explained below.

Dr. Debra Stultz[1] was identified as an expert witness in disclosures filed by Plaintiff pursuant to Fed. R. Civ. P. 26(a)(2). (ECF No. 23-1). Dr. Stultz's disclosure included the general subject matter of her testimony, but was vague as to the facts upon which Dr. Stultz would rely and the opinions she intended to offer. Plaintiff did make it clear that Dr. Stultz was a treating physician and had not prepared a formal report. Plaintiff subsequently supplemented the disclosure by providing medical and billing records prepared by Dr. Stultz. (ECF No. 23-2). Defendants found the disclosure and

---

[1] At various points in their motion, Defendants complain that Plaintiff has failed to comply with the disclosure requirements for experts other than Dr. Stultz, although Dr. Stultz appears to be the focus of the motion. Because it is not clear whether Plaintiff has supplied full disclosures related to other experts, this Memorandum Opinion and Order will, for the most part, refer only to Dr. Stultz, but the reasoning herein will apply to all of Plaintiff's experts.

1

supplemental disclosure to be insufficient, because no report was provided by Dr. Stultz as required by Fed. R. Civ. P. 26(a)(2)(B), and requested further supplementation. When that was not forthcoming, Defendants filed the instant motion to compel.

Plaintiff argues in response that no written report is required, because Dr. Stultz is not a retained expert. Instead, she is a treating physician who has seen Plaintiff on two occasions. (ECF No. 24). Plaintiff asserts that she has provided Defendants with the records from those sessions and intends to provide additional records as the sessions continue. According to Plaintiff, there is no effort on her part to withhold information from Defendants; rather, there is nothing more to report. (*Id.*). Defendants state, to the contrary, that Dr. Stultz's role in the case is not clear from the information provided to them, and they require clarification regarding the scope of her anticipated testimony, her opinions, and the supporting facts. Moreover, Defendants do not believe that they have been given all of Dr. Stultz's records, as claimed by Plaintiff, because the records supplied are void of any clinical notes pertaining to Plaintiff's diagnosis, treatment, and prognosis. Defendants describe the records they received as "initial intake documents" that do not reflect Dr. Stultz's assessment or opinions.

Federal Rule of Civil Procedure 26(a)(2) recognizes two types of expert witnesses—those that are required to provided a written report, and those that are not required to do so. Under Rule 26(a)(2)(B), if the witness is one "retained or specially employed to provide expert testimony in the case," then the witness must prepare and provide to the parties a detailed report. In contrast, under Rule 26(a)(2)(C), if the witness is not retained or specially employed as an expert, a written report is not necessary, but the party offering the witness must provide the other parties with (i) the subject matter on which the witness is expected to provide opinions, and (ii) a summary of the facts and opinions to which the

2

witness is expected to testify. *See* Fed. R. Civ. P. 26(a)(2). Treating physicians typically fall within the second category of expert witness, sometimes called a "hybrid" witness. *See Sullivan v. Glock, Inc.,* 175 F.R.D. 497, 500 (D. Md. 1997); *also Jamison v. Amonette,* No. 7:18-cv-00504, 2022 WL 326095, at *4 (W.D. Va. Feb. 3, 2022) (holding that treating physicians are not typically required to provide a written report under Rule 26(a)(2)(B), because they ordinarily are not retained to provide opinions); *Fantauzzo v. Sperry,* No. 2:21-cv-4, 2021 WL 5236490, at *5 (E.D. Va. Nov. 10, 2021) (holding that a treating physician may provide opinions regarding matters such as causation without preparing a written report if the opinion is based on the physician's treatment); *Beard v. Town of Topsail Beach,* No. 7:19-cv-97-FL, 2020 WL 1539924, at * 5 (E.D.N.C. Mar. 31, 2020) ("Thus, the weight of authority within the Fourth Circuit holds that a treating physician does not constitute a 'retained expert' for purposes of Rule 26(a)(2)(B) when the subject of expert testimony encompasses opinions formed during the course of treatment."). In other words, while hybrid witnesses provide expert opinions, their testimony is based on facts learned or observations made in the normal course of their duties, rather than based on a review of materials supplied to them by someone else. As explained by this Court:

> Where an expert is also a percipient fact witness, courts distinguish between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony. The distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the opinion is based on information provided by others or in a manner other than by being a percipient witness to the events in issue.

*In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-CV-4301, 2014 WL 186872, at *9 (S.D.W. Va. Jan. 15, 2014) (citations and markings omitted).

3

Two points must be emphasized, however. First, even when a treating physician is not required to produce a written report, the party offering the physician as a witness must fully comply with Rule 26(a)(2)(C). Plaintiff in this case has not complied with subsection (C). Although Plaintiff has indicated that Dr. Stultz will testify regarding her examination and treatment of Plaintiff, the disclosure provided does not set forth a summary of the facts and opinions to be offered by Dr. Stultz. A description of the subject matter to which Dr. Stultz will testify simply does not constitute "facts" and "opinions." Therefore, to the extent that Dr. Stultz will provide opinions about the care she provided to Plaintiff—including such topics as evaluation, examination, diagnosis, prognosis, and treatment modalities—Plaintiff must provide a summary of the facts and opinions to be offered.

Second, a treating physician may act as both a hybrid witness and as a retained witness. *Sullivan,* 175 F.R.D. at 500. "When determining whether a witness is an expert who has to submit a report under Rule 26(a)(2)(B) or a 'hybrid' witness that is only required to make disclosures under Rule 26(a)(2)(C), the court should not 'focus solely on the status of the expert,' but should instead focus on the 'nature of the testimony which will be offered at trial.'" *Goldman v. Phillips & Son Drilling, Inc.,* No. 3:13-cv-152, 2014 WL 2573314, at *2 (N.D.W. Va. Jun 9, 2014) (quoting *Sullivan,* 175 F.R.D. at 500). Accordingly, while Dr. Stultz is not required to prepare a Rule 26(a)(2)(B) written report about opinions she reached based on her own evaluation and treatment of Plaintiff, to the extent Dr. Stultz intends to offer opinions based on materials provided to her by Plaintiff's counsel, a written report is required under Rule 26(a)(2)(B). As Defendants point out, the disclosure submitted by Plaintiff is vague as to the scope of Dr. Stultz's opinions, the opinions to be offered by Dr. Stultz, and the facts underlying the opinions. The party

4

seeking to avoid producing a written report bears the burden of demonstrating that the treating physician is entirely a hybrid witness. *See Holmes v. Maersk A/S, Co.,* No. 2:20-cv-04014, 2022 WL 686791, at *6 (D.S.C. Mar. 8, 2022). Plaintiff has not done so. Additionally, the documents provided by Plaintiff contain no clinical notations reflecting Dr. Stultz's evaluation and treatment. Consequently, it is impossible to discern from Plaintiff's disclosure and supplemental disclosure the nature and extent of the opinions to be offered by Dr. Stultz, as well as the underlying facts.

Therefore, the Court **ORDERS** Plaintiff to supplement her Rule 26(a)(2) disclosure regarding Dr. Stultz (and the other experts if necessary) within **seven days** of the date of this Order. The supplemental disclosure should clarify whether Dr. Stultz is a hybrid expert, a retained expert, or a combination of the two, and shall provide the written report or the summary, or both, as required by Rule 26(a)(2). The supplemental disclosure should also fully comply with Rule 26(a)(2) with regard to the other expert witnesses identified by Plaintiff.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** April 29, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge